[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court Judicial District of Windham at Danielson, Docket No. 11-63651.
Daniel Capstick, Esq., Attorney for Petitioner
Mark Stabile, Esq., Deputy Assistant State's Attorney for the State
BY THE DIVISION
The petitioner, age 25 at time of sentencing, was convicted by a jury of the crimes of sexual assault, Conn. Gen. Stat. 53A-71, and Risk of Injury, Conn. Gen. Stat. 2nd. 53-21, for which he received eight years to serve on each, to be served concurrently for a total effective sentence of eight years to serve.
The convictions arose out of a DCYS complaint that the petitioner was sexually abusing his seven year old stepdaughter by having her perform oral genital sex on him. The child testified at the trial. When questioned by the probation department she expressed a strong "hate" toward the offender. CT Page 4478
At the sentence review hearing counsel for the petitioner stated that his client had a very minor record and that he had an exemplary life prior to his conviction. Counsel also felt that the first eight year sentence imposed was unfair because it lacked probation and a treatment component upon his release. Counsel felt it was in the state's interest to have control over the petitioner for further rehabilitative purposes. Based upon the above theory counsel asked us to reduce his time served and give his client probation with treatment conditions.
Counsel for the State pointed out that the act the petitioner was prosecuted for was not an isolated occurrence.
In reading the transcript the court, as the jury, believed the testimony of the child during the trial. At sentencing the court noted that society must "protect those individuals who were less able to protect themselves, and in this case it was a young child." The record also shows that the sentencing judge took into consideration the lack of prior record and actually considered giving the petitioner the maximum of 20 years because "what you have done is absolutely disgusting", however the court showed mercy and imposed a sentence considerably less than the 20 years maximum.
In response to counsel's lack of probation argument while this division may agree that probation and treatment at the time sentencing a good result, it alone does not necessarily lead to a reduction of his prior sentence to accomplish its purpose.
To his credit the petitioner is presently enrolled in the sexual therapy clinic at Somers. The imposition of an eight year flat sentence by the court was neither inappropriate or disproportionate by the court. The sentence is affirmed.
BARRY, J. KLACZAK, J. NORKO, J.
Barry J., Klaczak J., and Norko J., participated in this decision.